IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADERICK A. INGRAM,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No.: C12-3038 JSC<br><br>**ORDER DISMISSING COMPLAINT, GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND A GUARDIAN AD LITEM (Dkt. Nos. 2, 3, 5)** |

Plaintiff, proceeding pro se, filed this 42 U.S.C. §1983 action against the City of San Francisco, Fas Trak Violation Processing Department, City of Pittsburgh, Pittsburgh Police Department, and Motel 6 "due to their professional misconduct."[1] (Dkt. No. 1 at 1.) He also filed an application to proceed *in forma pauperis*, which is GRANTED. (Dkt. No. 2.) Under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 9), and Defendants, not yet served, are not parties to this case. See Third World Media, LLC v. Does 1-1568, 2011 WL 4344160 *3 (N.D. Cal. Sept. 15, 2011).

1  Plaintiff does not state a claim for which relief can be granted, this case is DISMISSED
2  without prejudice.
3      Plaintiff filed two other motions now before the Court. First, he requests appointment
4  of counsel, claiming he "is an incompetent documented mentally disabled patient and an
5  unemployed citizen." (Dkt. No. 3.) Second, Plaintiff requests that Terrie Ann Wingo be
6  appointed as his guardian ad litem because "Plaintiff was ordered to have a guardian ad litem
7  to proceed in in [sic] forma papueris." (Dkt. No. 5 at 2.)

## DISCUSSION

9      Plaintiff's claims appear to arise from incidents in March and June of 2012 in which
10 Plaintiff alleges "Motel 6 kicked Plaintiff out for no reason and refused to rent to Plaintiff for
11 no reason," and Fas Trak sent Plaintiff "harassment mail for the second time about a traffic
12 violation he never committed" in the amount of $31. (Dkt. No. 1 at 2.) Plaintiff accuses Fas
13 Trak and Motel 6 of numerous constitutional violations arising from these incidents, including
14 unreasonable search and seizure and cruel and unusual punishment. (Dkt. No. 1.)
15     Plaintiff seems to allege that the toll charged by Fas Trak violates Plaintiff's right to
16 peaceably assemble and is also a form of excessive fine. (Dkt. No. 1 at 5-6.) Plaintiff claims
17 that Motel 6 "violated Plaintiffs' first amendment Civil Rights, invading his privacy, refusing
18 to rent to Plaintiffs and calling police on Plaintiffs' [sic] for no reason depriving his privileges
19 . . . disrespecting Plaintiff using excessive force through defamation of character . . ." (Dkt.
20 No. 1 at 13). Plaintiff's rambling Complaint does not identify any specific actions by the
21 police, though presumably they responded to the call referenced by Plaintiff. (Dkt. No. 1 at
22 16.) Plaintiff references excessive force; however, it is unknown whether the "force" is
23 physical or verbal or whether it originated from private or government actors. No physical or
24 financial harm is alleged as Plaintiff does not state whether he paid the purportedly invalid
25 $31 ticket. Plaintiff seeks damages in the amount of $211,000,000,000,000,000,000,000.
26 (Dkt. No. 1 at 19.)
27 //
28 //

2

### A. Failure to State a Claim

A complaint fails to state a claim upon which relief may be granted if Plaintiff does not allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Under 42 U.S.C. § 1983, any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [who] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). Here, the facts alleged in the Complaint do not establish that Fas Trak or Motel 6 were state actors or acting under the color of state law, and Plaintiff merely asserts that "Defendant's [sic] stated above acted under color of statute, ordinance, regulations and custom causing Plaintiff to be more mentally ill in front of witness' exercising their power wrongfully." (Dkt. No. 1 at 18.) This unsupported conclusion that the Defendants were acting under the color of state law is not sufficient.

Further, Plaintiff makes broad assertions against all Defendants without factual allegations that would enable each individual Defendant to understand the claims against it in particular. As Plaintiff does not state the location of the Motel 6 or Fas Trak, nothing links these establishments to Pittsburgh or the Pittsburgh Police. It is likewise unclear how the toll and motel in question are connected to the City of San Francisco. As written, the Complaint alleges virtually no facts that support even an inference of misconduct on the part of any Defendant. Plaintiff does not state the nature of the violation for which he was charged $31 or the factual basis for his belief that this charge was erroneous. In addition, Plaintiff claims

constitutional violations but does not state how behavior by the Defendants allegedly resulted in these violations. For example, it seems that Plaintiff passed successfully through the toll booth in question; therefore, it is not apparent how his right to peaceably assemble was affected. Nor is any argument presented as to how a $31 toll violation would qualify as an unreasonable fine.

In regard to Plaintiff's claims against Motel 6, no detail is provided about the circumstances of Plaintiff's ejection from the premises or how these particular circumstances violate his constitutional rights. There are numerous reasons one might be ejected from a private establishment like Motel 6 that presumably would not violate one's rights, such as committing a crime against the property, failing to abide by certain rules established for guests, or refusing to pay for services received. Plaintiff does not set forth any facts that would allow this Court to evaluate his claim.

Plaintiff does not state a claim for which relief can be granted because he fails to establish either that he was deprived "of a right secured by the federal Constitution or statutory law" or that any Defendants were "acting under the color of state law" in causing such a deprivation. See Fed. R. Civ. P. 12(b)(6). Consequently, Plaintiff's claims are DISMISSED with leave to amend.

B. Appointment of Counsel

Plaintiff requests the appointment of counsel. (Dkt. No. 3.) "[T]he appointment of counsel in a civil case is . . . a privilege and not a right." Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)( stating that "[g]enerally a person has no right to counsel in civil actions"). The Court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." Palmer, 560 F.3d at 970 (citation omitted). To determine whether "exceptional circumstances" are present, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff has

not demonstrated a likelihood of success on the merits or that this failure is due to either his difficulty articulating claims as a *pro se* litigant or the complexity of the legal issues involved.

### C. Guardian Ad Litem

Plaintiff alleges he is mentally incompetent and requests that his friend Terrie Ann Wingo be appointed to serve as his guardian ad litem in this action. (Dkt. No. 5.) "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case," and a party can be found "incompetent only if a preponderance of the evidence supports such a finding." Elder-Evins v. Casey, 2012 WL 2577589 *2 (N.D. Cal. July 3, 2012).

Pursuant to Federal Rule of Civil Procedure 17(c), a mentally incompetent party cannot proceed on his own behalf without the appointment of a guardian ad litem. In two unrelated previous cases, Plaintiff also requested Terrie Ann Wingo be appointed as his guardian ad litem, and both requests were denied because Wingo is not an attorney. Case No. 12-1934 (NC), Dkt. No. 18 at 7; Case No. 12-1929 (NC), Dkt. No. 20 at 7. The right to represent oneself pro se "is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Thus, Wingo cannot serve as Plaintiff's guardian ad litem without retaining an attorney herself. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (stating that a parent or guardian must retain an attorney before bringing an action on behalf of a minor). "While persons deemed incompetent litigants may have potentially meritorious claims and therefore warrant the appointment of a guardian ad litem," Plaintiff's previous claims were found "frivolous and not worthy of appointment of a guardian ad litem." Case No. 12-1929 (NC), Dkt. No. 20 at 7. As written, Plaintiff's current complaint likewise fails to raise meritorious claims.

### CONCLUSION

Plaintiff's claims do not identify specific conduct by a specific defendant acting under the color of state law as required for a sufficient § 1983 pleading. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Consequently, this action is DISMISSED without prejudice. Plaintiff may

1  file an amended complaint on or before July 30, 2012. A sufficient complaint must state who
2  Plaintiff is accusing of what particular conduct and why that conduct establishes the cause of
3  action Plaintiff asserts. Plaintiff's motions for appointment of counsel and guardian ad litem
4  are denied without prejudice.

5  This Order disposes of Docket Nos. 2, 3, and 5.

7  **IT IS SO ORDERED.**

8  Dated: July 11, 2012  _____
9  JACQUELINE SCOTT CORLEY
10  UNITED STATES MAGISTRATE JUDGE