IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADERICK A. INGRAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.: C12-3038 JSC<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND DENYING HIS MOTIONS FOR A GUARDIAN AD LITEM AND APPOINTMENT OF COUNSEL (Dkt. Nos. 3, 5, 11)** |

　　Plaintiff, proceeding pro se, brings this 42 U.S.C. §1983 action against the City of San Francisco, Fas Trak Violation Processing Department, City of Pittsburgh, Pittsburgh Police Department, and Motel 6 "due to their professional misconduct."[1] (Dkt. No. 1 at 1.)  He previously filed an application to proceed *in forma pauperis*, which was GRANTED. (Dkt. No. 2.)  The Court dismissed Plaintiff's first complaint for failure to state a claim. (Dkt. No. 10.)  Now pending before the Court is Plaintiff's amended complaint (Dkt. No. 11), which nearly word-for-word mirrors Plaintiff's first complaint. (Dkt. 1.)  Plaintiff filed two other motions about which the Court withheld judgment while Plaintiff's amended complaint was

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 9), and Defendants, not yet served, are not parties to this case. See Third World Media, LLC v. Does 1-1568, 2011 WL 4344160 *3 (N.D. Cal. Sept. 15, 2011).

pending: appointment of counsel (Dkt. No. 3) and the appointment of Terrie Ann Wingo as his guardian ad litem (Dkt. No. 5). As Plaintiff's amended complaint fails to raise a meritorious claim for relief, both of these motions are now DENIED.

As noted previously, under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As Plaintiff's amended complaint does not cure the defects of his initial pleading, the Court DISMISSES this action with prejudice for failure to state a claim.

## DISCUSSION

### A. Failure to State a Claim

A complaint fails to state a claim upon which relief may be granted if Plaintiff does not allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Under 42 U.S.C. § 1983, any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [who] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). In the Order dismissing Plaintiff's first complaint, the Court noted that Plaintiff failed to establish that any defendant was a state actor or acting under the color of state law and that an amended complaint must therefore "state who Plaintiff is

1  accusing of what particular conduct and why that conduct establishes the cause of action
2  Plaintiff asserts." (Dkt. No. 10.)  Plaintiff's amended complaint fails to follow this instruction.
3  No additional facts are provided; in fact, other than slightly different verbiage on certain
4  pages, the amended complaint is virtually identical to Plaintiff's initial pleading.  The biggest
5  difference is that Plaintiff previously sought $211,000,000,000,000,000,000,000,000 in
6  damages and now seeks $999,999,999, 999, 999, 999,999,999, 999. (Dkt. Nos. 1 at 19, 11 at
7  20.)

8  Plaintiff's amended complaint fails to state a claim for which relief can be granted
9  because he does not articulate either that he was deprived "of a right secured by the federal
10 Constitution or statutory law" or that any Defendants were "acting under the color of state
11 law" in causing such a deprivation.  See Fed. R. Civ. P. 12(b)(6).  Consequently, Plaintiff's
12 claims are DISMISSED with prejudice.

13     B.  Appointment of Counsel

14 Plaintiff requests the appointment of counsel. (Dkt. No. 3.)  "[T]he appointment of
15 counsel in a civil case is . . . a privilege and not a right." Gardner v. Madden, 352 F.2d 792,
16 793 (9th Cir. 1965); see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)( stating that
17 "[g]enerally a person has no right to counsel in civil actions").  The Court "may under
18 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. §
19 1915(e)(1)." Palmer, 560 F.3d at 970 (citation omitted).  To determine whether "exceptional
20 circumstances" are present, the "court must evaluate the likelihood of success on the merits as
21 well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of
22 the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff has
23 not demonstrated a likelihood of success on the merits or that this failure is due to either his
24 difficulty articulating claims as a *pro se* litigant or the complexity of the legal issues involved.
25 This request is DENIED.

26     C.  Guardian Ad Litem

27 Plaintiff alleges he is mentally incompetent and requests that his friend Terrie Ann
28 Wingo be appointed to serve as his guardian ad litem in this action. (Dkt. No. 5.)  "In

California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case," and a party can be found "incompetent only if a preponderance of the evidence supports such a finding." Elder-Evins v. Casey, 2012 WL 2577589 *2 (N.D. Cal. July 3, 2012).

Pursuant to Federal Rule of Civil Procedure 17(c), a mentally incompetent party cannot proceed on his own behalf without the appointment of a guardian ad litem. In two unrelated previous cases, Plaintiff also requested Terrie Ann Wingo be appointed as his guardian ad litem, and both requests were denied because Wingo is not an attorney. Case No. 12-1934 (NC), Dkt. No. 18 at 7; Case No. 12-1929 (NC), Dkt. No. 20 at 7. The right to represent oneself pro se "is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Thus, Wingo cannot serve as Plaintiff's guardian ad litem without retaining an attorney herself. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (stating that a parent or guardian must retain an attorney before bringing an action on behalf of a minor). "While persons deemed incompetent litigants may have potentially meritorious claims and therefore warrant the appointment of a guardian ad litem," Plaintiff's previous claims were found "frivolous and not worthy of appointment of a guardian ad litem." Case No. 12-1929 (NC), Dkt. No. 20 at 7. As written, Plaintiff's current complaint likewise fails to raise meritorious claims, and no evidence has been presented that Ms. Wingo has retained an attorney for this action. Consequently, Plaintiff's request for the appointment of Ms. Wingo as his guardian ad litem is DENIED.

## CONCLUSION

Plaintiff's claims do not cite specific conduct by a specific Defendant acting under the color of state law as required for a sufficient § 1983 pleading. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. Since Plaintiff's amended complaint is essentially identical to his first complaint, the Court concludes that Plaintiff is unable to cure the defects in his pleading. Leave to amend may be denied "where the amendment would be futile." Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009); see also Semiconductor Energy Laboratory Co., Ltd. v.

Yujurio Nagata, 2012 WL 177557 *8 n.6 (N.D. Cal. Jan. 23, 2012)(finding that further amendment can be denied as futile, particularly when a plaintiff has already amended the complaint once).  Consequently, this action is DISMISSED with prejudice.   Plaintiff's motions for appointment of counsel and a guardian ad litem are DENIED.

**IT IS SO ORDERED.**

Dated:  August 8, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE